**William Frankli DOBROVOLNY,**
**Petitioner—Appellant,**

v.

**Cal A. TERHUNE, Director California**
**Department of Corrections,**
**Respondent—Appellee.**

No. 05–16750.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2006.

Filed Aug. 21, 2006.

was required to bribe the immigration officials to obtain the visa.

David M. Porter, Esq., Federal Public Defender's Office (Sacramento), Sacramento, CA, for Petitioner—Appellant.

Janine R. Busch, Esq., AGCA—Office of the California Attorney General (Sac), Department of Justice, Sacramento, CA, for Respondent—Appellee.

Before: CANBY, THOMPSON, and HAWKINS, Circuit Judges.

---

1. California Penal Code § 4574(a) states: "any person, who knowingly brings ... into ... any jail ... or within the grounds belonging or adjacent to any [jail], any ... deadly weapons" shall be guilty of a felony.

MEMORANDUM \*

William Franklin Dobrovolny appeals the denial of his 28 U.S.C. § 2254 habeas-corpus petition which challenged his conviction for bringing a weapon into or within the grounds adjacent to a jail. *See* Cal.Penal Code § 4574.[1] We have jurisdiction under 28 U.S.C. §§ 1291 & 2253, and we affirm.[2]

■ The state court's ruling that the withheld impeachment evidence about Saucedo was immaterial did not violate clearly established federal law because all of the witnesses, including Dobrovolny, testified that Dobrovolny sat on a planter attached to the jail with two concealed knives before attempting to enter the jail. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Saucedo's personnel file and work history were immaterial because Dobrovolny's offense was complete when he carried the knives onto the jail grounds. *See Kyles v. Whitley,* 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (holding that evidence is material if it gives rise to a reasonable probability of a different trial result such that confidence in the jury's verdict is undermined).

■ Dobrovolny's counsel was not constitutionally defective because no prejudice could result from her failure to obtain immaterial impeachment evidence about Saucedo. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that a habeas

---

2. We review de novo the district court's denial of Dobrovolny's habeas-corpus petition. *See Daniels v. Woodford,* 428 F.3d 1181, 1196 (9th Cir.2005). We may grant habeas relief if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

petitioner must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different").

■ California Penal Code § 4574(a) is not unconstitutionally vague as applied to this case because a person of ordinary intelligence would understand that the law prohibited sitting on a planter attached to the jail while carrying two concealed knives. *See Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.